UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SIX THOUSAND, FOUR HUNDRED )<br>TWENTY DOLLARS ($6,420.00) )<br>U.S. CURRENCY, and )<br>)<br>TWELVE THOUSAND, THREE )<br>HUNDRED EIGHTY DOLLARS )<br>($12,380.00) U.S. CURRENCY )<br>)<br>Defendants. ) | Case No. 4:14CV01696 AGF |

## **MEMORANDUM AND ORDER**

This forfeiture action is before the Court on the motion of Plaintiff, United States of America, for default judgment against the defendant property, $6,420.00 and $12,380.00 in United States currency. The defendant property was seized from Christopher Pyszka and Chrystal Donovan in a March 2013 investigation into a drug distribution network operating from California to St. Louis. Plaintiff asserts that it was furnished, or intended to be furnished, in exchange for controlled substances in violation of the Controlled Substances Act, 21 U.S.C. § 801.

Plaintiff initiated these *in rem* forfeiture proceedings on October 3, 2014, under 21 U.S.C. § 881(a)(6). Claimant Christopher Pyszka was served with process by way of certified United States mail on November 6, 2014. On February 23, 2015, notice of

forfeiture was sent to claimant Chrystal Donovan by way of first-class United States mail at her last known address. Other potential claimants have been notified of this action by way of publication concerning the action. No claimant has responded to service or publication. On March 30, 2015 Plaintiff filed a motion for entry of default, and on the same date, the Clerk of the Court entered such default.

Default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise." Fed. R. Civ. P. 55(a). "It is within the discretion of the Court to enter a default judgment against a party who has failed to plead or defend." *Woodbury v. Courtyard Mgmt., Corp.*, 990 F. Supp. 2d 990, 992-93 (E.D. Mo. Jan. 8, 2014) (citing *United States v. U.S. Currency in amount of $13,000.00*, No. 12-00811-CV-C-NKL, 2012 WL 5422316 at *1 (W.D. Mo. Nov. 6, 2012)). "Prior to the entry of a default judgment, a court should satisfy itself that the plaintiff is entitled to judgment by reviewing the sufficiency of the complaint and substantive merits of the plaintiff's claim." *CitiMortgage, Inc. v. First Residential Mortg. Servs. Corp.*, No. 4:13CV00703AGF, 2014 WL 721914, at *2 (E.D. Mo. Feb. 24, 2014) (citation omitted). "Because the liability of a defendant is established upon entry of default, once default is entered, the plaintiff is not required to further establish its right to recover. *Id.* Since the allegations set forth in the complaint are taken as true, the Court is satisfied that Plaintiff has demonstrated reasonable cause for seizure of the currency in question and that it is entitled to retain the $6,420.00 and the $12,380.00. Upon review of the record,

**IT IS HEREBY ORDERED** that all persons claiming any right, title or interest in the defendant property are held in default.

**IT IS FURTHER ORDERED** that the defendant property is hereby forfeited to the United States of America and may be disposed of according to law.

**IT IS FURTHER ORDERED, FOUND AND CERTIFIED** that, pursuant to 28 U.S.C. § 2465, reasonable cause existed for the seizure of the defendant property.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for default judgment against the defendant property is **GRANTED**. (Doc. No. 13.)

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of April, 2015.